GEORGE S. CARDONA
Acting United States Attorney
THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division
FRED W. SLAUGHTER (Cal. State Bar No. 205348)
Assistant United States Attorney
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-4491
    Facsimile:  (213) 894-3713
    Email: fred.slaughter@usdoj.gov

Attorney for Plaintiff
United States of America

2007 FEB 28 PM 12:57
FILED

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. **07-00135** |
| Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> |
| v. | ) <u>LUIS TAPIA</u> |
| LUIS TAPIA, | ) |
| Defendant. | ) |

1.  This constitutes the plea agreement between LUIS TAPIA, ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

<u>PLEA</u>

2.  Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to an information in the form attached to this agreement or a substantially similar form,

charging a violation of Title 8, United States Code, Sections 1326(a) and 1326(b)(1).

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of the crime charged in the information, a violation of Title 8, United States Code, Section 1326(a), the following must be true: (1) defendant was, at the time of the offense, an alien, that is, a person who is not a natural-born or naturalized citizen, or a national, of the United States; (2) defendant had been lawfully deported or removed from the United States; and (3) subsequent to this deportation or removal, defendant was found in the United States after having knowingly and voluntarily re-entered and remained in the United States; and (4) the Attorney General or his designated successor, the Secretary of the Department of Homeland Security, or any authorized representative of either the Attorney General or that Department, had not consented to defendant's reapplying for admission or otherwise consented to defendant's re-entry or presence in the United States. In order for defendant to be subject to the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(1), defendant's deportation or removal must have occurred after defendant was convicted of an felony, that is, the felony described in paragraph 8 below. Defendant admits that he is, in fact, guilty of this offense as described in the information and that he is subject to the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(1), as set forth below.

2

PENALTIES

4.   The statutory maximum sentence that the Court can impose for a violation of Title 8, United States Code, Section 1326(a), where the heightened statutory maximum penalties under 8 U.S.C. § 1326(b)(1) apply, is: 10 years imprisonment; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

5.   Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6.   Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

7.   Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to, deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences

3

will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

8. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts includes facts sufficient to support a plea of guilty to the charges described in this agreement and to establish the sentencing guideline factors set forth in paragraph 11 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to defendant that relate to that conduct.

Defendant, at all times relevant to this plea agreement, was an alien, that is, not a natural-born or naturalized citizen, or national, of the United States. On or about July 27, 2004, defendant was convicted of a felony, namely, Terrorist Threats, a crime of violence, in violation of California Penal Code Section 422, in the Superior Court of California, County of Los Angeles, in case number BA259218, for which defendant was sentenced to 292 days of imprisonment.

Defendant was lawfully removed from the United States on or about December 1, 2004. Thereafter, defendant knowingly and voluntarily re-entered the United States without the consent of the Attorney General or his designated successor, the Secretary of the Department for Homeland Security, or of any authorized representative of either the Attorney General or that Department. After defendant re-entered the United States, defendant continued to knowingly and voluntarily reside unlawfully in the United

States until on or about December 27, 2006, when defendant was found by law enforcement in Los Angeles County within the Central District of California.

## WAIVER OF CONSTITUTIONAL RIGHTS

9. By pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his or her plea of guilty, he or she retains the right to be represented by counsel - and, if necessary, to have the court appoint counsel if defendant cannot afford counsel - at every other stage of the proceedings.)

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

g) The right not to be compelled to testify, and, if

5

defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

                        SENTENCING FACTORS

10.  Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence.  Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

11.  Defendant and the USAO agree and stipulate to the following applicable Sentencing Guidelines factors::

| | | |
|---|---|---|
| Base Offense Level : | 8 | [U.S.S.G. § 2L1.2(a)] |
| Removal after conviction for a felony that is a crime of violence : | +16 | [U.S.S.G. § 2L1.2(b)(1)(A)(ii)] |
| Acceptance of Responsibility : | -3 | [U.S.S.G. § 3E1.1(a), (b)] |
| Early Disposition Program Departure : | -3 | [U.S.S.G. § 5K3.1] |
| Total Offense Level : | 18 | |

6

Subject to paragraph 13, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics or adjustments, from either the applicable Offense Level or Criminal History Category, be imposed.  Defendant reserves the right to argue that additional departures are appropriate.  If, however, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section.

12.    There is no agreement as to defendant's criminal history or criminal history category.

13.    The stipulations in this agreement do not bind either the United States Probation Office or the Court.  Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's sentencing guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case.

///

7

<u>DEFENDANT'S OBLIGATIONS</u>

14.  Defendant agrees that he or she will:

a) Plead guilty as set forth in this agreement.

b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c) Not knowingly and willfully fail to: (i) appear as ordered for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay.

<u>THE USAO'S OBLIGATIONS</u>

15.  If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level,

8

pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

c) To recommend that defendant be sentenced at the low end of the applicable Sentencing Guidelines range provided that the offense level as calculated by the Court is 18 or higher and provided that the Court does not depart downward in offense level or criminal history category. In the event the offense level calculated by the Court is less than 18, the government is free to make any sentencing recommendation.

d) Not to further prosecute defendant for violations of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 922(g)(5), or any other charge arising out of defendant's conduct described in the stipulated factual basis set forth in paragraph 8. Defendant understands that the USAO is free to prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.

BREACH OF AGREEMENT

16. If defendant, at any time between the execution of this agreement and defendant's sentencing on a non-custodial sentence or surrender for service on a custodial sentence, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, defendant will not be able to withdraw defendant's guilty plea, and the USAO will be

9

relieved of all of its obligations under this agreement.

17. Following a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b) Defendant gives up all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing of this agreement.

c) Defendant agrees that: i) any statements made by defendant, under oath, at the guilty plea hearing; ii) the stipulated factual basis statement in this agreement; and iii) any evidence derived from such statements, are admissible against defendant in any future prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

18. Defendant gives up the right to appeal any sentence

imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, (b) the Court in determining the applicable guideline range does not depart upward in offense level or criminal history category and determines that the total offense level is 18 or below, and (c) the Court imposes a sentence within or below the range corresponding to the determined total offense level and criminal history category.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or a explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Notwithstanding the foregoing, defendant retains the ability to appeal the court's determination of defendant's criminal history category and the conditions of supervised release imposed by the court, with the exception of the following: standard conditions set forth in district court General Orders 318 and 01-05; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19. The USAO gives up its right to appeal the sentence, provided that (a) the Court does not depart downward in offense level or criminal history category, and (b) the Court determines that the total offense level is 18 or above.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

20.    Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all of their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## COURT NOT A PARTY

21.    The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one - not the prosecutor, defendant's attorney, or the Court - can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

22.    Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel.  Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

23.    The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

GEORGE S. CARDONA
Acting United States Attorney

_____                    _2-28-07_____
FRED W. SLAUGHTER                                    Date
Assistant United States Attorney

///

///

///

///

///

///

13

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          2-26-07
LUIS TAPIA                                  Date
Defendant


I am LUIS TAPIA's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his/her rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____          2-26-07
MICHAEL SCHAFLER                            Date
Counsel for Defendant
LUIS TAPIA

14

## CERTIFICATE OF SERVICE

I, **LINDA KANTER,** declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of the United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California, 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT FOR DEFENDANT LUIS TAPIA**
service was:

[x] Placed in a closed
envelope, for collection
and interoffice delivery
addressed as follows:

[] Placed in a sealed
envelope for collection and
Mailing via United States Mail,
addressed as follows:

[] By hand delivery
addressed as follows:

[] By facsimile as follows:

**Michael Schafler**
**Deputy Federal Public Defender**
**321 East 2nd Street**
**Los Angeles, Ca 90012**

This Certificate is executed on , February 28, 2007 , Los Angeles, California         .

I certify under penalty of perjury that the foregoing is true and correct.

LINDA KANTER