SEAN K. KENNEDY (No. 145632)
Federal Public Defender
(Sean_Kennedy@fd.org)
MICHAEL V SCHAFLER (No. 212164)
Deputy Federal Public Defender
(Michael_Schafler@fd.org)
321 East 2nd Street
Los Angeles, California  90012
Telephone (213) 894-5186
Facsimile (213) 894-0081

Attorneys for Defendant
LUIS TAPIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>LUIS TAPIA<br><br>                    Defendant. | CASE NO. CR 07-135-ER<br><br>DEFENDANT'S POSITION RE: PRE-SENTENCE REPORT; EXHIBITS |

Defendant Luis Tapia, through his attorney, Deputy Federal Public Defender Michael V Schafler, hereby submits his position regarding factors relevant to sentencing.  Mr. Tapia's position regarding sentencing is based on the attached pleading, the records and files in this case, the concurrently filed letters and exhibits, and any argument that the Court may request at the sentencing hearing.

DATED:  July 11, 2007          Respectfully submitted,

                               SEAN K. KENNEDY
                               Federal Public Defender

                               By_____/ s /_____
                                  MICHAEL V SCHAFLER
                                  Deputy Federal Public Defender

## DEFENDANT'S POSITION RE SENTENCING

On March 20, 2007, Defendant Luis Tapia accepted responsibility for his actions and pled guilty to a single-count Information charging him with illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), (b)(1).  Mr. Tapia entered his plea pursuant to a written plea agreement.  The plea agreement contemplates a total offense level of **18**, based on a base offense level of 8, an increase of 16 levels for a prior crime of violence (U.S.S.G. § 2L1.2(b)(1)(A)), a decrease of 3 levels for acceptance of responsibility, and a decrease of 3 levels for participation in the early disposition program.

The Court referred this matter to the United States Probation Office for preparation of a presentence report.  The probation office recommended that this Court find a criminal history category of **IV**.  The defense does not object to that calculation.  Based on a stipulated total offense level of 18 and criminal history category of IV, the advisory sentencing guideline range is **41-51 months**.  The recommendation letter of the probation officer was not disclosed.[1]

**Mr. Tapia joins the government in recommending a sentence of 41 months in custody in this case**.  Mr. Tapia submits that the jointly-recommended 41-month sentence is "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a) in light of *United States v. Booker*, 543 U.S. 220 (2005).  *Booker* restored sentencing courts' ability to fashion a sentence tailored to the individual circumstances of the case and defendant by

---

[1]Because the presentence report's recommended sentence is confidential, and because the recommendation of any special conditions of supervised release is contained within the probation officer's letter to the Court, Mr. Tapia has not had an opportunity to read or respond to the probation officer's discussion of any special conditions of supervised release proposed to the Court in fashioning an appropriate sentence in this case.  Therefore, the defense objects to the imposition of any special conditions of supervised release of which the defense has not been given notice. *See United States v. Wise*, 391 F.3d 1027 (9th Cir. 2004) (holding district court erred in imposing special condition of supervised release with no prior notice).

requiring courts to consider factors other than the sentencing range prescribed by the Sentencing Guidelines.

The defense agrees with the government that a sentence of 41 months will promote the goals of sentencing as set forth in § 3553(a).  Mr. Tapia's family supports him and recognizes his dedication to his wife and children.  (*See* Exhibits B, D, and E.)  He has committed himself to providing for his family through his exemplary employment at Interior Concepts flooring where his employer "respects the man he has become."  (*See* Exhibit C.)  His circumstances are particularly unfortunate considering that his family applied to immigration to secure legal status on Mr. Tapia's behalf but never completed the process.  (*See* Exhibit F.)  But perhaps most importantly, Mr. Tapia recognizes his error and deeply regrets it.  (*See* Exhibit A.)  He knows that as a result of his decision to return to this country, his family is suffering -- that is a very severe punishment.

Based on the foregoing, Mr. Tapia respectfully requests that this Court sentence him in a manner consistent with the sentence agreed upon by the parties: 41 months in custody, no fine, and a three year term of supervised release.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED:  July 11, 2007          By_____/s/_____
                               MICHAEL V SCHAFLER
                               Deputy Federal Public Defender

3